UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL CAMMACK, *Pro Se*, | ) | Case No.: 1:20 CV 2056 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN EDWARD SHELDON, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Jamal Cammack's ("Petitioner" or "Cammack") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge David A. Ruiz ("Judge Ruiz"). The case was later reassigned by General Order to Magistrate Judge Darrell A. Clay ("Magistrate Judge" or "Judge Clay") to prepare a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Clay's R & R (ECF No. 11) in its entirety and denies Cammack's Petition. The court also declines to issue Cammack a Certificate of Appealability.

Cammack filed his Petition on September 11, 2020, challenging his guilty plea to the following counts in two separate cases: one count of engaging in criminal gang activity; seven counts of heroin trafficking; one count of possession of criminal tools; and one count of having a weapon while under disability. (R & R at 2, 4.) As a result of his guilty plea, the trial court sentenced Petitioner to an aggregate sentence of ten years. (*Id.* at 4.) The Petition asserts the following grounds

for relief:

    GROUND ONE:    Fifth, Sixth, and Fourteenth Amendment

    Supporting Facts:    The trial court violated state laws and the 5th, 6th, and 14th amendments of the United States Constitution by failing to merge Cammack's criminal gang activity offense with the balance of the offenses (cleaned up).

    GROUND TWO:    Fifth and Fourteenth Amendment

    Supporting Facts:    The trial court unlawfully ordered Cammack to serve consecutive sentences in violation of his 14th amendment right to due process as guaranteed by Article I, Section 10 of the Ohio Constitution and the 5th, 6th, and 14th amendments of the United States Constitution (cleaned up).

(ECF No. 1 at PageID #2, 5–7.) On March 23, 2021, Respondent Warden Edward Sheldon ("Respondent" or "Warden Sheldon") filed a Motion to Dismiss in response to Cammack's Petition, arguing Cammack's claims were not cognizable in federal court. (ECF No. 8 at PageID #36.) Judge Ruiz denied Respondent's motion (ECF No. 9), noting Warden Sheldon's failure to address the merits of Cammack's claims. Respondent then filed a Return of Writ on January 12, 2022 (ECF No. 10). Petitioner did not file a Traverse. On February 15, 2022, the case was reassigned from Magistrate Judge Ruiz to Magistrate Judge Clay, and Judge Clay subsequently submitted his R & R on July 12, 2023. Objections to the R & R were due by July 26, 2023, but neither party filed any. Accordingly, this matter is ripe for review.

Cammack's first ground for relief alleges that the trial court violated the Double Jeopardy Clause of the Fifth Amendment by failing to merge his criminal gang activity offense with the balance of his other offenses. (R & R at 10.) Judge Clay's R & R recommends the court deny Cammack's Petition because both of his grounds for relief amount to perceived errors in the

application of state law, which is an improper basis for federal habeas relief. As the R & R notes, state legislatures have the discretion to impose dual punishment for the same conduct by passing two different statutes that criminalizes the same activity. (*Id.* at 11.) And federal courts must defer to a state court's determination that the state legislature intended to create multiple crimes for the same conduct—unless the state court's determination is "objectively unreasonable" or contradicts clearly-established federal law. (*Id.* at 6–7.) Neither of these exceptions apply here. First, the state court reasonably explained its decision not to merge Cammack's offenses in accordance with Ohio state law (*Id.* at 11–13.) Second, though the Double Jeopardy Clause protects an individual from being prosecuted twice for the same alleged offense in successive trials, *Burks v. United States*, 437 U.S. 1, 11 (1978), it does not prohibit a state legislature from imposing multiple punishments for the same conduct, *Missouri v. Hunter,* 459 U.S. 359, 368 (1983), as the state court determined was the legislature's intent here. (R & R at 11–13.) Therefore, Judge Clay found, to the extent that Cammack bases his claim on state law, it is not cognizable. He further found Cammack has not shown that the state court's decision violated clearly-established federal law or is objectively unreasonable. Thus, the R & R recommends denying Ground One of Cammack's Petition.

Judge Clay similarly recommends that the court deny Cammack's Petition on Ground Two which asserts that the imposition of consecutive sentences violated his due process rights because the issue of imposing consecutive versus concurrent sentences is a matter of state law. Again, the Magistrate Judge concluded that Ground Two was actually based on state law and does not provide a legitimate basis for federal habeas review. (R & R at 14–15). Further, Petitioner has not shown that the state court's decision violates clearly-established federal law or is objectively unreasonable.

After careful *de novo* review of the R & R and all other relevant documents in the record, the

court finds that Judge Clay's R & R is fully supported by the record and controlling case law. Accordingly, the court adopts as its own the R & R in its entirety and denies and dismisses the Petition. Furthermore, by failing to object to the R & R, the parties have waived the right to appeal from an order adopting the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). In the absence of a waiver, the court would not issue Cammack a Certificate of Appealability for the reasons stated by the Magistrate Judge.

      IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 14, 2023